IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MARX, | : | |
| | : | |
| Plaintiff | : | Civil Action No. 3:10-cv-257 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| DONALD SCHLICHTER, | : | |
| Defendant | : | |

### MEMORANDUM

This suit was initially assigned to the Honorable James Munley on February 3, 2010. The matter was reassigned to this Court on April 6, 2011. Presently pending before the Court is Defendant's motion for summary judgment. (Doc. No. 21.) The matter having been fully briefed,[1] it is now ripe for disposition. For the reasons stated more fully herein, the Court will grant the motion in part and deny the motion in part.

**I.   BACKGROUND**[2]

This matter arises from a vehicle accident that took place on January 19, 2009, in Lancaster County, Pennsylvania.[3] (Doc. No. 26 ¶ 1.) Defendant lost control of his vehicle and

---

[1] The time for Defendant to file a brief in reply to Plaintiff's brief in opposition has passed. M.D.Pa. L.R. 7.7.

[2] At this stage, the Court views the facts in the light most favorable to Plaintiff as the non-moving party.

[3] The Court notes that Plaintiff resides in the Eastern District of Pennsylvania and the action giving rise to this suit occurred in the Eastern District of Pennsylvania. Defendant resides in Illinois. Accordingly, venue appears to be improper in this Court. However, because Defendant failed to file timely and sufficient objection to venue, Defendant has waived objection to venue. 28 U.S.C. § 1406(b); <u>Reliable Tire Distr., Inc. v. Kelly Springfield Tire Co.</u>, 623 F. Supp. 153, 154-55 (E.D. Pa. 1985) (citing <u>Neirbo Co. v. Bethlehem Corp.</u>, 308 U.S. 165, 168 (1939)).

struck Plaintiff's vehicle which was parked approximately five to eight feet off of the road at the time. (Doc. No. 31-2 at 39:4-5; Doc. No. 31-1 at 50:18-19.) Plaintiff was taken to Lancaster General Hospital by ambulance. (Doc. No. 31-1 at 58:20-24.) As a result of the impact Plaintiff's head hit the windshield, knocking the windshield out. (Doc. No 31-1 at 53:10-22.) Plaintiff suffered injuries to his forehead, neck, and back. (Id. at 57:15-24.)

Plaintiff missed two weeks of work as a result of his injuries. (Id. at 58:5-11.) In addition, because Plaintiff's tractor was totaled in the accident and he was unable to secure a replacement tractor within thirty days, Great Wide Dedicated of Denver canceled its owner/operator contract with him. (Id. at 8:1-25, 9:1-5.) As a result, Plaintiff's wages dropped from approximately $177,000 in 2008 to $78,000 in 2009. (Id. 78:13-24.)

## II. STANDARD OF REVIEW

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[4] A factual dispute is material if it might affect the outcome of the suit under the applicable law, and it is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). At summary judgment, the inquiry is whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must

---

[4] Rule 56 was revised by amendment effective December 1, 2010. "The standard for granting summary judgment remains unchanged," and "[t]he amendments will not affect continuing development of the decisional law construing and applying these phrases." Fed. R. Civ. P. 56 advisory committee's note to 2010 Amendments.

prevail as a matter of law.  Id. at 251-52.  In making this determination, the Court must "consider all evidence in the light most favorable to the party opposing the motion."  A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact.  Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004).  Once the moving party has shown that there is an absence of evidence to support the non-moving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument."  Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is warranted.  Celotex, 477 U.S. at 322.  With respect to the sufficiency of the evidence that the non-moving party must provide, a court should grant summary judgment where the non-movant's evidence is merely colorable, conclusory, or speculative.  Anderson, 477 U.S. at 249-50.  There must be more than a scintilla of evidence supporting the non-moving party and more than some metaphysical doubt as to the material facts.  Id. at 252; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Further, a party may not defeat a motion for summary judgment with evidence that would not be admissible at trial.  Pamintuan v. Nanticoke Mem'l Hosp., 192 F.3d 378, 387 (3d Cir. 1999).

**III.   DISCUSSION**

**A.     Expert Testimony on Causation**

Defendant first moves for summary judgment on the ground that Plaintiff has failed to produce an expert to testify on the issue of causation between the accident and the injury.  In Pennsylvania, however, expert testimony is not required to establish causation where "the disability complained of is the natural and probable result of the injuries."  Smith v. German, 253 A.2d 107, 109 (Pa. 1969); see also Matthews v. Clarion Hosp., 742 A.2d 1111, 1112-13 (Pa. Super. Ct. 1999).  Of course, the causal relationship must be such that it is "readily apparent that a layman could diagnose (except by guessing) the causal connection."  German, 253 A.2d at 109.  Plaintiff alleges that when Defendant's truck collided with Plaintiff's truck, Plaintiff's head hit his windshield, causing a laceration to his forehead as well as neck and back pain.  (Doc. No. 31-1 at 57:15-24.)  At summary judgment, the Court is unwilling to hold that such injuries are the type requiring Plaintiff to produce an expert on causation.  See, e.g., Lattanze v. Silverstrini, 448 A.2d 605, 609 (Pa. Super. Ct. 1982) (reversing a trial court where the court directed verdict in favor of defendant because plaintiff failed to provide expert causation testimony between a car accident and plaintiff's injuries including "headache, neck and shoulder spasms, limitation of motion in his arms, neck and lower back, and the swollen and bruised left knee"); Fenstermaker v. Bodamer, 171 A.2d 641, 642 (Pa. Super. Ct. 1961) (holding plaintiff was not required to produce expert testimony to establish causation between a car accident and the injuries to his neck, shoulder, and elbow); see also Matthews, 742 A.2d at 1112-13 (trial court erred in requiring plaintiff to produce expert testimony to establish causation between doctors dropping her off the operating table and injuries to her arm and shoulder).

**B.     Expert Testimony on Lost Profits**

Next, Defendant moves for summary judgment on the ground that Plaintiff has failed to produce sufficient evidence linking Plaintiff's injury to the loss of earning capacity, noting that "the extent of [P]laintiff's evidence to support a claim for business lost profits are tax records and [p]laintiff's own testimony." (Doc. No. 22 at 11.) Defendant does not, however, provide any support for a finding that this type of evidence would be insufficient. Indeed, Defendant cites only one case in this section of his brief, and in that case the Superior Court reversed a trial court for failing to give a jury instruction on lost earnings where the only evidence in support was the plaintiff's testimony and her tax returns. See Serhan v. Besteder, 500 A.2d 130, 132-35 (Pa. Super. Ct. 1985); see also Bell v. Yellow Cab, Co., 160 A.2d 437, 441-42 (Pa. 1960). Defendant has failed to support this argument with anything more than a series of conclusory statements. Accordingly, at this juncture the Court will deny the motion for summary judgment on this issue.

### C.    Release for Property Damage

Finally, Defendant seeks summary judgment on "Plaintiff's claim for property damage." (Doc. No. 22 at 12.) In support Defendant cites a release executed by the parties in which Plaintiff releases Defendants from any suit arising from "damage to property." (Doc. No. 23.) Plaintiff appears to agree, noting that the release "deals solely [with] 'damage to property.'" (Doc. No. 11 at 11.) Indeed, after a review of the pleadings in this matter, it appears that Plaintiff has not even sought damages arising from damage to Plaintiff's property. (Doc. No. 1.) However, to the extent that Plaintiff did seek damages arising from damage to Plaintiff's property the clear terms of the release bar such recovery. G.R. Sponaugle & Sons, Inc. v. Hunt Const. Grp., Inc., 366 F. Supp. 2d 236, 242 (M.D. Pa. 2004).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL MARX,** | : | |
| | : | |
| Plaintiff | : | Civil Action No. 3:10-cv-257 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **DONALD SCHLICHTER,** | : | |
| **Defendant** | : | |

## ORDER

**NOW**, on this 23rd day of May 2011, **IT IS HEREBY ORDERED THAT** Defendant's motion for summary judgment (Doc. No. 21) is **GRANTED** to the extent that it seeks to preclude recovery for damage to Plaintiff's property. The motion for summary judgment is **DENIED** in all other respects.

    S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania